IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-30048-MJR |
| ) | |
| BRITT MARQUIS LACEY, ) | |
| ) | |
| Defendant. ) | |

## ORDER OVERRULING DEFENDANT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT

**REAGAN, Chief Judge:**

On June 14, 2017, Defendant Britt Marquis Lacey entered a plea of guilty to a single-count indictment before the Honorable Stephen C. Williams, United States Magistrate Judge. The undersigned accepted Defendant Lacey's guilty plea on July 10, 2017. A presentence investigation report (Doc. 48) was filed on August 14, 2017, and Lacey timely filed an objection (Doc. 49) to which the Government responded (Doc. 52).

Lacey objects to the conclusion in his PSR that he is subject to a mandatory minimum sentence of fifteen years under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Specifically, he argues that his prior conviction for armed violence under Illinois law should not be classified as a "violent felony." At Lacey's sentencing hearing on September 22, 2017, the Court heard oral argument and took the objection under advisement. The sentencing hearing was continued to October 27, 2017.

Under Illinois law, a "person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law," except for certain listed offenses not relevant to Lacey's objection. **720 ILCS 5/33A-2(a)**. In determining whether an offense of conviction qualifies as a predicate under the ACCA, a sentencing court must compare the elements of the offense of conviction to the generic offense in the ACCA. Here, an armed violence conviction does not align with the generic offenses listed in the enumerated clause of § 924(e)(2)(B)(ii). As a result, to qualify as a "violent felony," Lacey's armed violence conviction must have "as an element the use, attempted use, or threatened use of physical force against the person of another." **18 U.S.C. § 924(e)(2)(B)(i).**

Sentencing courts must use the "formal categorical approach" for interpreting state criminal statutes as potential predicates, which requires considering only the elements of a prior offense and not the particular facts of an underlying conviction. *Taylor v. United States*, **495 U.S. 575, 600-01 (1990).** In holding that only the offense of conviction and its statutory definition can be considered, the Supreme Court recognized that there would be a narrow range of cases where a sentencing court would need to look beyond the face of the statute to determine the specific crime of conviction and its elements. *Id.* **at 602. (finding that if a jury had to find the elements of the generic offense to convict, "then the Government should be allowed to use the conviction for enhancement.").** The inquiry in those circumstances is limited to determining the elements of a defendant's prior conviction and does not extend to considering whether

a defendant's offense conduct satisfies the definition of a violent felony. *See Descamps v. United States*, **133 S.Ct. 2276, 2293 (2013).**

This modified approach "helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Descamps*, **133 S. Ct. at 2283**. A divisible statute creates multiple, alternative versions of a crime, and a sentencing court "cannot tell, without reviewing something more," if a defendant's conviction fits the definition of a violent felony. *Id.* **at 2284**. Examining documents from the prior offense makes it possible to determine "which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Id.* The focus, however, must be on the elements, not the facts, of the prior conviction. *Id.* **at 2285**.

In *Mathis*, the Supreme Court further expounded on the importance of distinguishing between the elements of an offense and the means of committing it. Elements of an offense are the "'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Mathis v. United States*, **136 S.Ct. 2243, 2248 (2016)**. The means, or facts, are "mere real-world things—extraneous to the crime's legal requirements" that have no legal effect or consequence. *Id. Mathis* teaches that a disjunctive list in a statute is not determinative of whether a statute is divisible and subject to the modified categorical approach. At issue was an Iowa burglary statute that prohibited an unlawful entry into "any building, structure, [or] land, water, or air vehicle." *Id*. **at 2250 (alteration in original, citing reference omitted)**. This locational element was broader than the one in the generic burglary

3

statute. Importantly, an Iowa Supreme Court decision held that a jury did not need to unanimously agree to the location of a burglary. Because jurors could reach different conclusions as to the type of structure entered and still find that the prosecution proved the locational element, the Court held that the disjunctive list did not create a divisible statute and that it instead listed different means for satisfying a single element.

Before *Descamps* and *Mathis*, the Seventh Circuit held that the Illinois armed violence statute is divisible and that each underlying felony creates a separate, distinct crime. *United States v. Fife*, 624 F.3d 441, 446 (7th Cir. 2010), *abrogated on other grounds as recognized by United States v. Miller*, 721 F.3d 435 (7th Cir. 2013); *United States v. Brooks*, 468 Fed.Appx. 623 (7th Cir. 2012)(citing *United States v. Fife*). Lacey argues that post-*Mathis* the armed violence statute should be interpreted as providing separate means to satisfy the "commit any felony" element, but the nuances of the statutory interpretation in *Mathis* are not present in the Illinois armed violence statute. The Illinois Supreme Court requires prosecutors to prove each element of a single, specific underlying felony in order to sustain a conviction for armed violence. *See, e.g., People v. Tiller*, 447 N.E.2d 174, 184 (Ill. 1982)(vacating conviction for armed violence where underlying armed robbery was reversed); Illinois Pattern Jury Instructions — Criminal §§ 11.51Y and 11.52Y (and the associated committee notes requiring that the instruction defining the predicate offense be given). Unlike the Iowa burglary statute, the Illinois armed violence statute does not force the Court to wade into the facts of Lacey's offense conduct to determine whether his prior conviction is a violent felony.

4

To be convicted of armed violence in connection with an aggravated battery that caused great bodily harm, Lacey had to admit to each element of an aggravated battery causing great bodily harm plus the added element of being armed while committed the aggravated battery. The Seventh Circuit has held that aggravated batteries involving bodily harm fall within the ACCA's definition of a violent felony. *See, e.g.*, ***United States v. Lynn*, 851 F.3d 786 (7th Cir. 2017)**; ***Hill v. Werlinger*, 695 F.3d 644 (7th Cir. 2012)**. The Court can determine solely from the elements of Lacey's prior conviction that he was convicted of a violent felony without engaging in prohibited judicial fact-finding. Accordingly, the Court **FINDS** that a prior conviction for armed violence in connection with an aggravated battery causing great bodily harm is a "violent felony," as defined by the Armed Career Criminal Act.[1]

## Conclusion

For the above-stated reasons, Defendant Britt Lacey's objection to his presentence investigation report is **OVERRULED**. Sentencing remains set for Friday, October 27, 2017, at 11:00 a.m.

**IT IS SO ORDERED**.

DATED: October 26, 2017

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**United States District Judge**

---

[1] Importantly, this would be true of all prior convictions under Illinois law for armed violence in connection with an aggravated battery causing great bodily harm. *See Descamps*, **136 S.Ct. at 2287 ("Congress . . . meant ACCA to function as an on-off switch, directing that a prior crime would qualify as a predicate offense in all cases or in none).**